UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAYANA GROSS,

Plaintiff,

v. Case No. 3:26-cv-4863-TKW-HTC

PENSACOLA POLICE
DEPARTMENT, et al.,

Defendants.
_______________________________/

REPORT AND RECOMMENDATION

On August 4, 2026, the Court ordered Plaintiff Tayana Gross to: (1) within seven (7) days, file a notice of change of address to provide the Court with an address at which she can receive mail; and (2) within fourteen (14) days, file an amended complaint and either pay the $405 filing fee or file a complete motion to proceed *in forma pauperis*. Doc. 5. The Court warned Gross that her failure to comply with the August 4 Order could result in a recommendation that this case be dismissed. *Id.* Because Gross has not complied with any part of the August 4 Order, dismissal of this case is appropriate. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)

("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

Furthermore, the Court does not have a valid mailing address for Gross.[1] Without a means of communicating with Gross, the issuance of any further orders would be futile. Thus, the undersigned recommends that this case be dismissed without prejudice. *See Layton v. Emmons*, 2021 WL 12188478, at *1 (M.D. Ga. Apr. 13, 2021), *report and recommendation adopted*, 2021 WL 12188476 (M.D. Ga. May 28, 2021) ("The failure to comply with the Court's orders and instructions and to keep the Court apprised of the change in his mailing address is grounds for dismissal, and this case simply cannot proceed if the Court does not have any means to communicate with Plaintiff."); *see also Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming denial of relief when plaintiff "failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint").

[1] When Gross filed this case, she provided an address to the clerk but indicated it was a temporary address and directed the clerk not to mail documents there. Doc. 3. Instead, Gross stated she would call to see if orders were issued and then pick them up. *Id.* However, Gross did not retrieve the August 4 Order.

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED without prejudice due to Gross's failure to comply with Court orders, failure to prosecute, and failure to keep the Court informed of her current mailing address.

2. The clerk close the file.

At Pensacola, Florida, this 20th day of August, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.